# EXHIBIT 1

02/01/2021 MON 17:55  FAX 9099892733 Law Offices SHC                                    @003/026

1  Sandra H. Castro, Esq. SBN#207475
   Kathleen A. Castro, Esq. SBN#312495
2  LAW OFFICES OF SANDRA H. CASTRO, INC.
   3200 Inland Empire Blvd., Ste. 265
3  Ontario CA  91764
   Telephone No: (909)989-2700
4  Facsimile No:  (909)989-2733
   castro@lawservicesonline.com
5  kathleen@lawservicesonline.com

6  Kristen Brown, Esq. SBN#208030
   LAW OFFICES OF KRISTEN BROWN
7  900 W. 17th Street, Ste. C
   Santa Ana, CA  92706
8  Telephone No: (714) 564-7695
   Facsimile No : (714) 766-8440
9  krisbrownesq@yahoo.com

10 Attorneys for Plaintiff JOSE VILLARREAL

11              SUPERIOR COURT OF THE STATE OF CALIFORNIA

12                     COUNTY OF SAN BERNARINDO

13

14 JOSE VILLARREAL,                    CASE NO.: CIV SB  2 1 0 3 1 4 8

15              Plaintiff,             COMPLAINT FOR DAMAGES

16     vs.                            1. Discrimination; Violation of CA Govt
                                         Code Sec. 12940 (a)
17 3M DHL; DHL SUPPLY CHAIN;
   and DOES 1 to 20,                  2. Retaliation; Violation of CA Govt
18                                       Code Sec. 129040 (h)
              Defendants.
19                                    3. Failure to Prevent
                                         Retaliation/Harassment/
20                                       Discrimination; Failure to Supervise
                                         and Train; Violation of CA Govt Code
21                                       Sec. 12940 (i) (k)

22                                    4. Violation of the California Family
                                         Rights Act; Violation of CA Govt
23                                       Code Sec. 12945.2

24                                    5. Failure to Accommodate; Violation of
                                         CA Govt Code Sec. 12940 (m)
25
                                      6. Failure to Engage in Good Faith
26                                       Interactive Process; Violation of CA
                                         Govt Code Sec. 12940 (n)
27
                                      7. Wrongful Termination in Violation of
28

LAW OFFICES OF SANDRA H.
CASTRO, INC.
3200 INLAND EMPIRE
BLVD., STE. 265
ONTARIO CA 91764

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

FEB 02 2021

BY _____
NATHANIEL JOHNSON, DEPUTY

By Fax

Public Policy; Violation of CA Govt
Code Sec. 12940 (a)

8. **Intentional Infliction of Severe Emotional Distress**

**JURY TRIAL DEMANDED**

COMES NOW THE PLAINTIFF JOSE VILLARREAL, with this Plaintiff's Complaint for Damages and for causes of action alleged as follows: that Defendants violated Article I, Sec. 8 of the California Constitution and other statutory violations including, but not limited to, CA Govt Code Sec 12940 et seq. and case, statutory and common laws via on-going and continuing basis of these provisions by discrimination, and retaliation, failure to prevent discrimination, retaliation, failure to properly supervise, train and manage supervisors and managers of Plaintiff, due to Plaintiff's disability, actual or perceived engagement in a protected activity including, but not limited to, based on Plaintiff requiring, requesting and utilizing medical leave / sick time / medical work restrictions and/or California Family Rights Act Leave or utilizing benefits of other CA Labor Code sections, wrongful termination, failure to accommodate, failure to engage in the interactive process, and intentional infliction of severe emotional distress.

Defendants' actions were a substantial factor in causing Plaintiff harm. By this action Plaintiff is seeking special and general damages, exemplary damages, penalties, fines, statutory fees, attorneys' fees, litigation costs and interest.

## FACTS COMMON TO ALL CAUSES OF ACTION

1. Plaintiff JOSE VILLARREAL is a resident of the State of California and legally meets all standing and capacity to sue requirements to bring the causes of action contained herein.

2. Plaintiff is informed and believes, and on that basis hereby alleges, that Defendant

LAW OFFICES OF SANDRA H.
CASTRO, INC.
3200 INLAND EMPIRE
BLVD., STE. 265
ONTARIO CA 91764

DHL Defendant is a business entity operating within the State of California; and is thereby subject to the jurisdiction of the State of California and of this court and its judicial district.

3.    Plaintiff is informed and believes, and on that basis hereby alleges, that Defendant DHL SUPPLY CHAIN Defendant is a business entity operating within the State of California; and is thereby subject to the jurisdiction of the State of California and of this court and its judicial district.

4.    Plaintiff is informed and believes, and on that basis alleges, that at all relevant times herein mentioned that Defendants regularly employed ten (10) or more persons, or persons acting as an agent for defendants directly or indirectly and therefore comes under the jurisdiction and regulations of California's Department of Fair Employment and Housing, and the Fair Employment and Housing Act. Plaintiff is informed and believes, and on that basis alleges, that at all relevant times herein mentioned that defendants regularly employed in California five (5) or more persons part-time or full-time and therefore comes under the jurisdiction and regulations of the California Family Rights Act.

5.    Plaintiff timely filed a complaint of discrimination with the California Department of Fair Employment and Housing and received a Notice of Case Closure and Right to Sue Notice on or about February 5, 2020, naming Defendants as co-respondents with notice given to defendants soon thereafter. Plaintiff has complied as statutorily required by exhausting required statutory/administrative remedies prior to filing this civil lawsuit.

6.    At present Plaintiff, believing that each of the named DOE defendants (1 to 20) are in some manner responsible for the acts and/or omissions herein complained of, and as Plaintiff is presently unaware of, and have not yet ascertained, the true identity nor capacity of each of said DOE defendants named herein, plaintiff therefore prays for leave of court to amend this Complaint when such identities and capacities become known and ascertained.

7.      Plaintiff is informed and believes and on that basis alleges that defendants DOE 1 through 20 were, at all relevant times mentioned herein, respectively employed by, or acting as an agent, independent contractor, instrumentality or affiliate of defendant and plaintiff further so alleges that said DOE defendants are each a natural person, business and/or unincorporated association residing and/or operating within and subject to the jurisdiction of the State of California, and are likewise subject to the jurisdiction of this court. All respective defendants complained of herein are in some manner vicariously liable for the acts and/or omissions of the other likewise complained of herein, jointly and severally.

8.      Plaintiff was employed with Defendant in the warehouse sine January 2013 making $15.50 an hour full time with overtime hours and benefits.

9.      Plaintiff suffered from physiological and medical conditions requiring medical leave, care and treatment specifically including disabilities from workplace injuries beginning approximately in November 2017. Defendants knew of his physical injuries and disability and need for medical leave, care and treatment and medical workplace accommodations including workplace restrictions of no prolonged sitting, standing, no lifting over 10 pounds.

10.     Plaintiff was returned to work by his medical healthcare provider with workplace medical restrictions in approximately November 2017. Plaintiff worked for approximately one (1) month with these workplace medical restrictions when he was taken off work again by his medical healthcare provider. In approximately June 2018 Plaintiff was again returned to work by his medical healthcare provider with similar workplace medical restrictions. Plaintiff brought his workplace medical restrictions into the worksite, gave them to a human resources representative, the human resources representative took the written workplace medical restrictions into another office, came back and told Plaintiff the Defendants could not accommodate him as it had done so previously and

LAW OFFICES OF SANDRA H.
CASTRO, INC.
3200 INLAND EMPIRE
BLVD., STE. 265
ONTARIO CA 91764

there was "nowhere to put him." The human resources representative told Plaintiff he could return to work after he was released back to work 100%, with no restrictions.

11.    In approximately July 2018, Plaintiff was informed that there was only leave available for up to seven (7) months period of time. In August 2018, Plaintiff requested an extension of leave time as a reasonable accommodation. In February 2019, six months later, Plaintiff was informed by a letter dated February 14, 2019, without any other communication attempts by Defendant, that it had unilaterally terminated Plaintiff on February 12, 2019 for exhausting "all available leave" and that Defendants were "unable to provide any further reasonable accommodations" to Plaintiff. Plaintiff was informed that, despite being returned to work previously by his medical healthcare provider but Defendants refused to accommodate his medical workplace restrictions, that when he was "able to return to work, [he was] eligible to reapply for employment."

12.    Defendants' actions were a substantial factor in causing Plaintiff harm.  By this action Plaintiff is seeking special and general damages, exemplary damages, penalties, fines, statutory fees, attorneys' fees, litigation costs and interest.

13.    When Plaintiff received news of the discriminatory actions, harassment, retaliation and adverse employment actions including termination Plaintiff felt worried, depressed, embarrassed, humiliated and had trouble sleeping.  These symptoms have continued.

## FIRST CAUSE OF ACTION

## DISCRIMINATION

### Violation of CA Gov Code Sec. 12940 et seq

### Against ALL DEFENDANTS and DOES 1 to 20

14.    Plaintiff hereby incorporates by reference in this cause of action the above paragraphs as if more fully set forth in detail herein.

LAW OFFICES OF SANDRA H.
CASTRO, INC.
3200 INLAND EMPIRE
BLVD., STE. 265
ONTARIO CA 91764

15.    Plaintiff suffered from physiological conditions, disorders and disabilities which require medical care, treatment, rehabilitation, medical workplace restrictions, accommodations, leave and/or Plaintiff was perceived as disabled by Defendants.

16.    This condition and disorder limits/limited Plaintiff's ability to participate in major life activities, and/or it makes the achievement of major life activities more difficult, such as caring for Plaintiff, lifting and work.

17.    Plaintiff, at the time of the discrimination, retaliation and termination was a member of a protected class, due to Plaintiff's disability and need for medical care and treatment, leave, medical workplace restrictions, accommodations, attempting to return to work and Plaintiff's engagement in protected activities. Plaintiff was able to perform essential job duties, with reasonable accommodations. Plaintiff suffered adverse employment actions by Defendants. Defendants' conduct was a substantial factor in causing Plaintiff's harm. On an on-going and continuing basis Plaintiff's disabilities were not accommodated and Defendants did not engage in the good faith interactive process to determine reasonable accommodations and Defendants refused to provide accommodations and/or engage in the good faith interactive process to determine accommodations.

18.    Plaintiff was subjected to adverse employment actions by Defendants due to Plaintiff's disabilities, the perception of such, Plaintiff's need for medical care, treatment and leave, need for work place accommodations, workplace restrictions and attempting to return to work and engagement in protected activities, on an on-going and continuing basis.

19.    Defendants actions by the treatment and termination of Plaintiff were a substantial factor in Plaintiff's harm did actually cause Plaintiff harm and to be damaged. Said violations have actually and proximately caused Plaintiff harm, loss of income and resulting in Plaintiff sustaining general, special damages within the jurisdiction of this court according to proof. Due to the actions

LAW OFFICES OF SANDRA H. CASTRO, INC.
3200 INLAND EMPIRE BLVD., STE. 265
ONTARIO CA 91764

and inactions of Defendants, and as a direct, legal and proximate result, Plaintiff has incurred, and

continue to incur, harm, injuries and damages as a direct result thereof, in an amount to be

determined, Plaintiff is informed and believe and thereon alleges that such acts and statements as

engaged by Defendants were not only wrongful and unreasonable, but done so with fraud and were

willful, wanton, malicious, oppressive such as would justify an award of punitive damages herein in

that the Defendants were aware of the harmful, wrong and improper nature of the acts and

knowingly and intentionally engaged in the acts for their own benefit.

## SECOND CAUSE OF ACTION

## RETALIATION

## Violation of CA Gov Code Sec. 12940 et seq

## Against ALL DEFENDANTS and DOES 1 to 20

20.     Plaintiffs hereby incorporate by reference in this cause of action in the above

paragraphs as if more fully set forth in detail herein.

21.     Plaintiff engaged in protected activities by being disabled or perceived as such,

needing and requesting time off, attempting to return to work, having medical workplace

restrictions, needing workplace accommodations, and/or modified/alternative duties, utilizing

available time off and/or leave time and attempting to engage in the good faith interactive process.

Further, Defendants did not accommodate Plaintiff's disability, refusing to provide an

accommodated position for Plaintiff, refusing to engage in the good faith interactive process to

determine an appropriate accommodation and terminating Plaintiff.

22.   Plaintiff, at the time of the discrimination, retaliation and termination was a member of

a protected class, due to disabilities and need for medical leave, care and treatment, need for

medical workplace restrictions, accommodations, need for time off, medical care and treatment,

engagement in a protected activity. Plaintiff was able to perform essential job duties, with

LAW OFFICES OF SANDRA H.
CASTRO, INC.
3200 INLAND EMPIRE
BLVD., STE. 265
ONTARIO CA 91764

reasonable accommodations. Plaintiff suffered adverse employment actions by Defendants. Plaintiff's disabilities were not accommodated and Defendants did not engage in the interactive process to determine reasonable accommodations. Plaintiff was not returned to work. Plaintiff's attempts to return to work were denied by Defendants and Plaintiff was terminated without further communication.

23.     Defendants subjected Plaintiff to adverse employment actions, being denied accommodations, not being given alternative or modified work, time off and/or refusing to engage in the interactive good faith process to determine accommodations and termination. Plaintiff endured retaliatory behavior by Defendants due to Plaintiff's disability and need for medical treatment, time off, attempts to return to work, need for medical workplace restrictions and requests for accommodations.

24.     Said violations have actually and proximately caused Plaintiff harm and to be damaged; loss of income and resulting in plaintiff sustaining general, special damages, within the jurisdiction of this court according to proof and attorneys' fees and costs. Due to the actions and inactions of Defendants, and as a direct, legal and proximate result, Plaintiff has incurred, and continue to incur, harm, injuries and damages as a direct result thereof, in an amount to be determined, Plaintiff is informed and believe and thereon alleges that such acts and statements as engaged by Defendants were not only wrongful and unreasonable, but done so with fraud and were willful, wanton, malicious, oppressive such as would justify an award of punitive damages herein in that the Defendants were aware of the harmful, wrong and improper nature of the acts and knowingly and intentionally engaged in the acts for their own benefit.

### THIRD CAUSE OF ACTION

**FAILURE TO PREVENT RETALIATION/DISCRIMINATION/HARASSMENT; FAILURE TO PROPERLY TRAIN/SUPERVISE; Violation of CA Govt Code Sec. 12940 (i) (k)**

LAW OFFICES OF SANDRA H. CASTRO, INC.
3200 INLAND EMPIRE BLVD., STE. 265
ONTARIO CA 91764

**Against ALL DEFENDANTS and DOES 1 to 20**

25.     Plaintiff hereby incorporates by reference in this cause of action the above paragraphs as if more fully set forth in detail herein.

26.     Plaintiff was in a protected class due engaging in protected activities by being disabled, requesting time off for medical care and needing requesting workplace disability accommodations and needing an accommodated position, needing medical workplace restrictions, requesting medical leave, attempting to return from medical leave, attempting to engage in the good faith interactive process. Plaintiff, at the time of the discrimination, harassment, retaliation and termination was a member of a protected class, due to Plaintiff's disabilities, or perception thereof, and need for medical care and treatment, time off to care for them, need for accommodation, need for medical workplace restrictions and engagement in a protected activity. Plaintiff was able to perform regular work duties with accommodations. Plaintiff suffered adverse employment actions by Defendants. Plaintiff was not accommodated and Defendants did not engage in the interactive process to determine reasonable accommodations and Plaintiff was not returned to work.

27.     Defendants subjected Plaintiff to adverse employment actions due to this involvement in protected activity/being in a protected class. Defendants knew of the retaliation by its agents due to the policy and practice, inactions and omissions of Defendants and in that Defendants' own records indicate the retaliation, and continuing retaliation against Plaintiff due to the protected activities. Defendants did nothing and in fact failed to prevent the retaliation and continuing retaliation by its agents.

28.     Said violations have actually and proximately caused Plaintiff harm and to be damaged; loss of income and resulting in Plaintiff sustaining general, special damages, within the jurisdiction of this court according to proof and attorneys' fees and costs. Due to the actions and inactions of Defendants, and as a direct, legal and proximate result, Plaintiff has incurred, and

LAW OFFICES OF SANDRA H.
CASTRO, INC.
3200 INLAND EMPIRE
BLVD., STE. 265
ONTARIO CA 91764

continue to incur, harm, injuries and damages as a direct result thereof, in an amount to be determined, Plaintiff is informed and believe and thereon alleges that such acts and statements as engaged by Defendants were not only wrongful and unreasonable, but done so with fraud and were willful, wanton, malicious, oppressive such as would justify an award of punitive damages herein in that the Defendants were aware of the harmful, wrong and improper nature of the acts and knowingly and intentionally engaged in the acts for their own benefit.

## FOURTH CAUSE OF ACTION

### VIOLATION OF CALIFORNIA FAMILY RIGHTS ACT

#### Violation of CA Gov Code Sec. 12945.2 et seq

#### Against ALL DEFENDANTS and DOES 1 to 20

29. Plaintiff hereby incorporates by reference in this cause of action the above paragraphs as if more fully set forth in detail herein.

30. Plaintiff is informed and believes, and on that basis alleges, that at all relevant times herein mentioned that defendants regularly employed in California five (5) or more persons part-time or full-time and therefore comes under the jurisdiction and regulations of the California Family Rights Act.

31. Plaintiff was disabled and due to the disabilities Plaintiff required accommodations and Defendant placed Plaintiff off work. Defendants were knowledgeable of the time off from work as such as reasonably possible pursuant to Defendants' own policies and procedures. Plaintiff was placed off work and/or requested time off from employment for care, treatment and rehabilitation of disabilities.

32. Defendants failed to properly and adequately post notices containing the prescribed information, as required, and Defendants failed to properly and adequately disseminate information and notices regarding leaves and Defendants own policies and procedures regarding requests and

LAW OFFICES OF SANDRA H. CASTRO, INC.
3200 INLAND EMPIRE BLVD., STE. 265
ONTARIO CA 91764

leaves.  Defendants further failed to keep proper records, as required, of type of leave requested and granted.

33.     When Plaintiff requested, granted, needed and took time off, Defendants interfered with Plaintiff's right to take and taking of a lawful and approved leave and Defendants retaliated against and discriminated against Plaintiff by requesting, needing and taking time off and when Defendants failed to accommodate Plaintiff, attempted to return to work after leave and refused additional time off and terminated Plaintiff.

34.     Plaintiff was subjected to an adverse employment action by Defendants due to Defendants' action, inactions, failure and omission by denial of reasonable accommodations and return to work due to Plaintiff's need for medical leave as needed and requested by Plaintiff.

35.     Defendants actions by the refusal to accommodate Plaintiff, refusal to grant time off or other accommodations did actually cause Plaintiff harm and to be damaged.

36.     Said violations have actually and proximately caused Plaintiff harm and to be damaged; loss of income and resulting in plaintiff sustaining general, special damages within the jurisdiction of this court according to proof.  Due to the actions and inactions of Defendants, and as a direct, legal and proximate result, Plaintiff has incurred, and continue to incur, harm, injuries and damages as a direct result thereof, in an amount to be determined, Plaintiff is informed and believe and thereon alleges that such acts and statements as engaged by Defendants were not only wrongful and unreasonable, but done so with fraud and were willful, wanton, malicious, oppressive such as would justify an award of punitive damages herein in that the Defendants were aware of the harmful, wrong and improper nature of the acts and knowingly and intentionally engaged in the acts for their own benefit.

## FIFTH CAUSE OF ACTION

**FAILURE TO ACCOMMODATE; Violation of CA Govt Code Sec. 12940 (n)**

LAW OFFICES OF SANDRA H. CASTRO, INC.
3200 INLAND EMPIRE BLVD., STE. 265
ONTARIO CA 91764

**Against ALL DEFENDANTS and DOES 1 to 20**

37.     Plaintiff hereby incorporates by reference in this cause of action the above paragraphs as if more fully set forth in detail herein.

38.     Defendants were aware of Plaintiff's physiological conditions, disorders and disabilities, or Defendants knew, or should have known, about the physiological conditions, disorders and disabilities as Plaintiff informed Defendants and requested accommodations and was placed out on leave by Defendants. Plaintiff required time off to care for Plaintiff's medical / disability needs.

39.     Defendants failed to appropriately and adequately accommodate Plaintiff regarding Plaintiff's known or perceived disability to enable Plaintiff to perform the position's essential functions as, among other items, Plaintiff required work restrictions / accommodations in order to continue Plaintiff's employment with Defendants.

40.     As Plaintiff's disabilities were known to Defendants, Defendants had an affirmative duty to accommodate Plaintiff.

41.     Defendants failed to determine effective reasonable accommodations despite knowing of such facts regarding Plaintiff's need for time off and the physiological conditions, disorders and disabilities of Plaintiff and Plaintiff's need and desire to continue working with Defendants.

42.     Plaintiff was subjected to an adverse employment action by Defendants due to Defendants' action, inactions, failure and omission.

43.     Defendants actions by the refusal of accommodations, refusal of to engage in the good faith interactive process and the continuing violations did actually cause Plaintiff harm and to be damaged.

LAW OFFICES OF SANDRA H.
CASTRO, INC.
3200 INLAND EMPIRE
BLVD., STE. 265
ONTARIO CA 91764

COMPLAINT FOR DAMAGES

12

44.     Said violations have actually and proximately caused Plaintiff harm, loss of income and resulting in plaintiff sustaining general and special damages within the jurisdiction of this court according to proof.  Due to the actions and inactions of Defendants, and as a direct, legal and proximate result, Plaintiff has incurred, and continue to incur, harm, injuries and damages as a direct result thereof, in an amount to be determined, Plaintiff is informed and believe and thereon alleges that such acts and statements as engaged by Defendants were not only wrongful and unreasonable, but done so with fraud and were willful, wanton, malicious, oppressive such as would justify an award of punitive damages herein in that the Defendants were aware of the harmful, wrong and improper nature of the acts and knowingly and intentionally engaged in the acts for their own benefit.

**SIXTH CAUSE OF ACTION**

**FAILURE TO ENGAGE IN THE GOOD FAITH INTERACTIVE PROCESS; Violation of**

**CA Govt Code Sec. 12940 (n)**

**Against ALL DEFENDANTS and DOES 1 to 20**

45.     Plaintiff hereby incorporates by reference in this cause of action the above paragraphs as if more fully set forth in detail herein.

46.     Defendants were aware of Plaintiff's physiological conditions, disorders and disabilities or Defendants knew, or should have known, about the physiological conditions, disorders and disabilities and Plaintiff's need for an accommodation including work restrictions, alternative duties / jobs and / or additional time off.

47.     Defendants failed to engage in a timely, good faith, interactive process with Plaintiff to determine effective reasonable accommodations despite knowing of Plaintiff's physiological conditions, disorders and disabilities. Defendants refused the request for accommodations and granting time off.

LAW OFFICES OF SANDRA H.
CASTRO, INC.
3200 INLAND EMPIRE
BLVD., STE. 265
ONTARIO CA 91764

48.     Defendants failed to engage in a timely, good faith, interactive process with Plaintiff to determine effective reasonable accommodations based on Plaintiff's physiological conditions, disorders and disabilities and in response to a request for reasonable accommodations by Plaintiff.

49.     As Plaintiff's disabilities were known to Defendants, Defendants has an affirmative duty to engage in the timely, good faith, interactive process in order to accommodate Plaintiff's disability.

50.     Plaintiff was subjected to an adverse employment action by Defendants due to Defendants' action, inactions, failure and omission.

51.     Defendants actions by the refusal to engage in the process, refusal of accommodations and termination of Plaintiff did actually cause Plaintiff harm and to be damaged.

52.     Said violations have actually and proximately caused Plaintiff harm, loss of income and resulting in plaintiff sustaining general and special damages within the jurisdiction of this court according to proof. Due to the actions and inactions of Defendants, and as a direct, legal and proximate result, Plaintiff has incurred, and continue to incur, harm, injuries and damages as a direct result thereof, in an amount to be determined, Plaintiff is informed and believe and thereon alleges that such acts and statements as engaged by Defendants were not only wrongful and unreasonable, but done so with fraud and were willful, wanton, malicious, oppressive such as would justify an award of punitive damages herein in that the Defendants were aware of the harmful, wrong and improper nature of the acts and knowingly and intentionally engaged in the acts for their own benefit.

<u>**SEVENTH CAUSE OF ACTION**</u>

**WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY;**

**Violation of CA Govt Code Sec. 12940 (a)**

**Against ALL DEFENDANTS and DOES 1 to 20**

COMPLAINT FOR DAMAGES

14

53.     Plaintiff hereby incorporates by reference in this cause of action the above paragraphs as if more fully set forth in detail herein.

54.     Plaintiff was employed by Defendants and enjoyed all rights and responsibilities thereof.

55.     Plaintiff was subjected to working conditions that violated public policy in that, among other things, Plaintiff suffered adverse employment actions after engaging in protected activities including needing work restrictions, being on medical leave and attempting to return to work.

56.     Plaintiff was subjected to working conditions that violated public policy in that, among other things, Plaintiff suffered adverse employment actions including termination after needing work restrictions, being on medical leave and attempting to return to work.

57.     Plaintiff was terminated after engaging in protected activities.  It is a violation of public policy to terminate such individuals who are within a protected category and engaging in protected activities. Plaintiff's engagement in this type of protected activity was a substantial motivating reason for Plaintiff's discharge.

58.     Said violations have actually and proximately caused Plaintiff harm, loss of income and resulting in plaintiff sustaining general and special damages within the jurisdiction of this court according to proof.  Due to the actions and inactions of Defendants, and as a direct, legal and proximate result, Plaintiff has incurred, and continue to incur, harm, injuries and damages as a direct result thereof, in an amount to be determined, Plaintiff is informed and believe and thereon alleges that such acts and statements as engaged by Defendants were not only wrongful and unreasonable, but done so with fraud and were willful, wanton, malicious, oppressive such as would justify an award of punitive damages herein in that the Defendants were aware of the harmful,

LAW OFFICES OF SANDRA H.
CASTRO, INC.
3200 INLAND EMPIRE
BLVD., STE. 265
ONTARIO CA 91764

wrong and improper nature of the acts and knowingly and intentionally engaged in the acts for their own benefit.

## EIGHTH CAUSE OF ACTION

### INTENTIONAL INFLICTION OF SEVERE EMOTIONAL DISTRESS

### Against ALL DEFENDANTS and DOES 1 to 20

59.     Plaintiffs hereby incorporate by reference in this cause of action the above paragraphs as if more fully set forth in detail herein.

60.     By way of extreme and outrageous conduct transcending all bounds of decency in a civilized society, defendants intentionally inflicted severe emotional distress upon Plaintiff of a sustained and long-lasting nature including suffering, anguish, nervousness, grief, anxiety, worry, shock, humiliation and shame.

61.     When Plaintiff received news of the discriminatory actions, harassment, retaliation and adverse employment actions including termination Plaintiff felt worried, depressed, embarrassed, humiliated and had trouble sleeping.  These symptoms have continued.

62.     At the time of Defendants actions Defendants knew that emotional distress would probably result from such conduct or that Defendants gave little or no thought to the probable effects of his or her conduct and Defendant's conduct or actions were a result or authority or power over Plaintiff, real or apparent.

63.     Said intentional infliction of severe emotional distress has actually and proximately caused said Plaintiff harm and injuries resulting in the Plaintiff sustaining general, special and exemplary damages within the jurisdiction of this court according to proof.  Due to the actions and inactions of Defendants, and as a direct, legal and proximate result, Plaintiff has incurred, and continue to incur, harm, injuries and damages as a direct result thereof, in an amount to be determined, Plaintiff is informed and believe and thereon alleges that such acts and statements as

LAW OFFICES OF SANDRA H.
CASTRO, INC.
3200 INLAND EMPIRE
BLVD., STE. 265
ONTARIO CA 91764

engaged by Defendants were not only wrongful and unreasonable, but done so with fraud and were willful, wanton, malicious, oppressive such as would justify an award of punitive damages herein in that the Defendants were aware of the harmful, wrong and improper nature of the acts and knowingly and intentionally engaged in the acts for their own benefit.

## **PRAYER FOR RELIEF**

WHEREFORE Plaintiff prays judgment against Defendants as follows:

1)     On the First Cause of Action:

       a)     general damages within the jurisdiction of this court, and special damages according to proof; punitive damages where allowed;

       b)     costs of suit and pre-judgment interest at the legal rate; reasonable attorney's fees;

2)     On the Second Cause of Action:

       a)     general damages within the jurisdiction of this court, and special damages according to proof; punitive damages where allowed;

       b)     costs of suit and pre-judgment interest at the legal rate; reasonable attorney fees;

3)     On the Third Cause of Action:

       a)     general damages within the jurisdiction of this court, and special damages according to proof; punitive damages where allowed;

       b)     costs of suit and pre-judgment interest at the legal rate; reasonable attorney's fees;

4)   On the Fourth Cause of Action:

   a)   general damages within the jurisdiction of
        this court, and special damages according
        to proof; punitive damages where allowed;

   b)   costs of suit and pre-judgment interest at the
        legal rate; reasonable attorney's fees;

5)   On the Fifth Cause of Action:

   a)   general damages within the jurisdiction of
        this court, and special damages according
        to proof; punitive damages where allowed;

   b)   costs of suit and pre-judgment interest at the
        legal rate; reasonable attorney's fees;

6)   On the Sixth Cause of Action:

   a)   general damages within the jurisdiction of
        this court, and special damages according
        to proof; punitive damages where allowed;

   b)   costs of suit and pre-judgment interest at the
        legal rate; reasonable attorney's fees;

7)   On the Seventh Cause of Action:

   a)   general damages within the jurisdiction of
        this court, and special damages according
        to proof; punitive damages where allowed;

   b)   costs of suit and pre-judgment interest at the
        legal rate; reasonable attorney's fees;

COMPLAINT FOR DAMAGES

18

8)      On the Eighth Cause of Action:

        a)      general damages within the jurisdiction of

                 this court, and special damages according

                 to proof; punitive damages where allowed;

        b)      costs of suit and pre-judgment interest at the

                 legal rate; reasonable attorneys' fees;

9)      and all other relief as ordered by the court.

Dated: Feb. 1, 2021                Respectfully submitted,

By: _____
LAW OFFICES OF SANDRA H. CASTRO, INC.
Attorneys for Plaintiff JOSE VILLARREAL

LAW OFFICES OF SANDRA H.
CASTRO, INC.
3200 INLAND EMPIRE
BLVD., STE. 265
ONTARIO CA 91764

## DEMAND FOR JURY TRIAL

Plaintiff JOSE VILLARREAL hereby respectfully demands a trial by jury in this action.

Dated: Feb. 1, 2021

Respectfully submitted,

By: _____
LAW OFFICES OF SANDRA H. CASTRO, INC.
Attorneys for Plaintiff JOSE VILLARREAL

LAW OFFICES OF SANDRA H.
CASTRO, INC.
3200 INLAND EMPIRE
BLVD., STE. 265
ONTARIO CA 91764

COMPLAINT FOR DAMAGES

20

02/01/2021 MON 17:59  FAX 9099892733 Law Offices SHC                                              ☒024/026

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Sandra H. Castro, Esq. SBN 207475<br>LAW OFFICES OF SANDRA H. CASTRO, INC.<br>3200 Inland Empire Blvd. Ste. 265<br>Ontario CA  91764 | **F I L E D**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SAN BERNARDINO<br>SAN BERNARDINO DISTRICT |

TELEPHONE NO.  909-989-2700       FAX NO.  909-989-2733

ATTORNEY FOR *(Name):*  Plaintiff JOSE VILLARREAL

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SAN BERNARDINO

STREET ADDRESS:  247 W. Third St.

MAILING ADDRESS:

CITY AND ZIP CODE:  San Bernardino CA  92415

BRANCH NAME:  San Bernardino Superior - Civil

**FEB 02 2021**

BY _____
NATHANIEL JOHNSON, DEPUTY

CASE NAME:
VILLARREAL v. 3M DILL et al

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: |
|---|---|---|---|
| ✔ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | **CIV SB 2103148**<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
✔ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is   ✔ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ✔ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ✔ punitive
4. Number of causes of action *(specify):*  Eight (8)
5. This case ☐ is   ✔ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 2/1/2021

Sandra H. Castro, Esq.
_____
(TYPE OR PRINT NAME)

▶                    _____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

02/01/2021 MON 17:59   FAX 9099892733  Law Offices SHC                                    ☒025/026

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*
**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/
Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice–
Physicians & Surgeons
Other Professional Health Care
Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip
and fall)
Intentional Bodily Injury/PD/WD
(e.g., assault, vandalism)
Intentional Infliction of
Emotional Distress
Negligent Infliction of
Emotional Distress
Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
Practice (07)
Civil Rights (e.g., discrimination,
false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel)
(13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice
*(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease
Contract *(not unlawful detainer
or wrongful eviction)*
Contract/Warranty Breach–Seller
Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/
Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open
book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections
Case
Insurance Coverage *(not provisionally
complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent
domain, landlord/tenant, or
foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
drugs, check this item; otherwise,
report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court
Case Matter
Writ–Other Limited Court Case
Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor
Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
*(arising from provisionally complex
case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of
County)
Confession of Judgment (non-
domestic relations)
Sister State Judgment
Administrative Agency Award
*(not unpaid taxes)*
Petition/Certification of Entry of
Judgment on Unpaid Taxes
Other Enforcement of Judgment
Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-
harassment)*
Mechanics Lien
Other Commercial Complaint
Case *(non-tort/non-complex)*
Other Civil Complaint
*(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
Governance (21)
Other Petition *(not specified
above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult
Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late
Claim
Other Civil Petition

CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Page 2 of 2

02/01/2021 MON 17:59  FAX 9099892733 Law Offices SHC                                    ☑023/026

**SUM-100**

## SUMMONS
### *(CITACION JUDICIAL)*

*By Fax*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

3M DHL; DHL SUPPLY CHAIN; and DOES 1 to 20

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JOSE VILLARREAL.



*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**F I L E D**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

FEB 0 2 2021

BY
NATHANIEL JOHNSON, DEPUTY

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* San Bernardino Superior Court<br><br>247 W. Third St.<br>San Bernardino CA | CASE NUMBER:<br>*(Número del Caso):*<br>**CIV SB 2 1 0 3 1 4 8** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Sandra H. Castro, Esq. 3200 Inland Empire Blvd. Ste. 265 Ontario CA 91764 (909)989-2700

| | | | | |
|---|---|---|---|---|
| DATE:<br>*(Fecha)* FEB 0 2 2021 | Clerk, by<br>*(Secretario)* | **Nathaniel Johnson** | , Deputy<br>*(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. [  ] as an individual defendant.
2. [  ] as the person sued under the fictitious name of *(specify)*:

3. [  ] on behalf of *(specify)*:

   under: [  ] CCP 416.10 (corporation)       [  ] CCP 416.60 (minor)
          [  ] CCP 416.20 (defunct corporation)  [  ] CCP 416.70 (conservatee)
          [  ] CCP 416.40 (association or partnership) [  ] CCP 416.90 (authorized person)
          [  ] other *(specify)*:
4. [  ] by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

## SUMMONS

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

JOSE VILLARREAL

CASE NO.: **CIV SB 2 1 0 3 1 4 8**

vs.

**CERTIFICATE OF ASSIGNMENT**

3M DHL; DHL SUPPLY CHAIN and DOES 1 to 20

A civil action or proceeding presented for filing must be accompanied by this Certificate. If the ground is the residence of a party, name and residence shall be stated.

The undersigned declares that the above-entitled matter is filed for proceedings in the San Bernardino _____ District of the Superior Court under Rule 404 of this court for the checked reason:

- [x] General
- [ ] Collection

| | **Nature of Action** | **Ground** |
|---|---|---|
| [ ] | 1. Adoption | Petitioner resides within the district |
| [ ] | 2. Conservator | Petitioner or conservatee resides within the district. |
| [ ] | 3. Contract | Performance in the district is expressly provided for. |
| [ ] | 4. Equity | The cause of action arose within the district. |
| [ ] | 5. Eminent Domain | The property is located within the district. |
| [ ] | 6. Family Law | Plaintiff, defendant, petitioner or respondent resides within the district. |
| [ ] | 7. Guardianship | Petitioner or ward resides within the district or has property within the district. |
| [ ] | 8. Harassment | Plaintiff, defendant, petitioner or respondent resides within the district. |
| [ ] | 9. Mandate | The defendant functions wholly within the district. |
| [ ] | 10. Name Change | The petitioner resides within the district. |
| [ ] | 11. Personal Injury | The injury occurred within the district. |
| [ ] | 12. Personal Property | The property is located within the district. |
| [ ] | 13. Probate | Decedent resided or resides within the district or had property within the district. |
| [ ] | 14. Prohibition | The defendant functions wholly within the district. |
| [ ] | 15. Review | The defendant functions wholly within the district. |
| [ ] | 16. Title to Real Property | The property is located within the district. |
| [ ] | 17. Transferred Action | The lower court is located within the district. |
| [ ] | 18. Unlawful Detainer | The property is located within the district. |
| [ ] | 19. Domestic Violence | The petitioner, defendant, plaintiff or respondent resides within the district. |
| [x] | 20. Other Employment | |
| [x] | 21. THIS FILING WOULD NORMALLY FALL WITHIN JURISDICTION OF SUPERIOR COURT | |

The address of the accident, performance, party, detention, place of business, or other factor which qualifies this case for filing in the above-designed district is:

| 3M DHL; DHL SUPPLY CHAIN | 5151 PHILADELPHIA ST. |
|---|---|
| NAME – INDICATE TITLE OR OTHER QUALIFYING FACTOR | ADDRESS |
| ONTARIO | CA | 91761 |
| CITY | STATE | ZIP CODE |

I declare, under penalty of perjury, that the foregoing is true and correct and that this declaration was executed on 2/1/2021 at ONTARIO _____, California

_Signature of Attorney/Party_

### CERTIFICATE OF ASSIGNMENT

13-16503-360, Rev 06-2014

## PROOF OF SERVICE
CCP SECTION 1011, 1013[A]-[G], 1013A[3] AND 1013[C]
### STATE OF CALIFORNIA COUNTY OF ***
**Villarreal v. 3M DHL et al v. SBSC Case No. CIVSB2103148**

      I am employed in the County of San Bernardino, State of California.  I am over the age of 18 years and am not a party to the within action; my business address is 3200 Inland Empire Blvd., Ste 265. Ontario CA 91764 which is located in the county where the service described below took place.

      On April 8, 2022, I served on all interested parties the foregoing document(s) described as:

**COMPLAINT; SUMMONS, CIVIL CASE COVER SHEET; CERTIFICATE OF ASSIGNMENT**

☐ **BY PERSONAL SERVICE:**  By causing the documents listed above to be personally served to the person(s) at the address(es) set forth on the following page. **(SEE ATTACHED SERVICE LIST)**

☒ **BY MAIL:**  By placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail addressed as set forth below.

| DHL Supply Chain<br>c/o Oscar de Bok, CEO<br>360 Westar Blvd.<br>Westerville OH 43082<br>*First Class, Certified Mail, Return Receipt* | 3M DHL<br>c/o Oscar de Bok, CEO<br>360 Westar Blvd.<br>Westerville OH 43082<br>*First Class, Certified Mail, Return Receipt* |
|---|---|

☐ **BY ELECTRONIC SERVICE:**  By transmitting via electronic service the document(s) listed above to the electronic service addresses set forth above pursuant to court order, CCP § 1010.6, agreement or courtesy copy.

☐ **BY EXPRESS MAIL:**  By placing the document(s) listed above in a sealed envelope in the United States Mail – in the designated Express Mail mailbox, subpost office, substation, addressed as set forth below.

I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on the same day with postage thereon fully prepaid, in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **STATE:**  I certify and declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☐ **FEDERAL:**  I declare that I am employed in the office of a member of the bar of this court whose direction the service was made.

Executed on April 8, 2022 at Ontario, California

      */s/ Kristen Brown*
      Kristen Brown